UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DON ANDERSON, individually and on behalf )
of all others similarly situated, )
 )
    Plaintiff, )
 )
v. ) No. 3:12-CV-527
 ) (Phillips)
SECURITY FEDERAL SAVINGS BANK )
OF MCMINNVILLE, )
 )
    Defendant. )

## MEMORANDUM OPINION

Plaintiff Don Anderson has brought this action individually and on behalf of all others similarly situated against defendant, Security Federal Savings Bank of McMinnville, alleging violations of the Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693, *et seq.*, and its implementing regulations, 12 C.F.R. § 205, *et seq.* Before the court is defendant's motion to dismiss. For the reasons which follow, defendant's motion will be granted and this action dismissed.

## I. Jurisdiction

This court has federal question jurisdiction over plaintiff's complaint pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693, *et seq.* Plaintiff's claims arose in this judicial district and defendant does substantial business in the Eastern District of Tennessee and/or

is the operator of automatic teller machines (ATMs) in this judicial district. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) in that the Eastern District of Tennessee is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## II.  Factual Background

Defendant operates five ATMs in and around McMinnville, Tennessee. As part of its operation of these ATMs, defendant attached fee notices to the front of the five ATMs in and around McMinnville. These notices read:

FEE NOTIFICATION

> The owner of this ATM, Security Federal Savings Bank charges a fee of $1.50 to U.S. Cardholders for withdrawing cash. This charge is in addition to any fees that may be assessed by your financial institution. This additional charge will be added to the transaction amount and deducted from your account. If you have any questions regarding the above fee, please contact your financial institution.

Plaintiff alleges that he made a cash withdrawal from an ATM operated by defendant located at 306 West Main Street, McMinnville, Tennessee, on October 2, 2012. Plaintiff further alleges that defendant did not post notice on the ATM of its intent to charge a $1.50 fee in connection with the transaction. Because defendant did not post the required notice, plaintiff avers it was not permitted to charge a usage fee to plaintiff and other class members. Plaintiff seeks to represent a class of persons to be defined as follows:

> All persons who during the year preceding the filing of plaintiff's complaint:  (1) were charged a "terminal fee" at defendant's

2

>ATM located at 306 West Main Street, McMinnville, Tennessee
>37110 which was operated by defendant when such persons
>made an electronic fund transfer and/or balance inquiry where,
>(2) no notice indicating that such fee was to be charged was
>posted on or at the outside of the ATM machine.

Plaintiff's Complaint [Doc. 1]. Plaintiff, on behalf of himself and the members of the class, seeks the imposition of statutory damages, costs of suit, and attorneys' fees.

### III.  Analysis

Defendant has moved to dismiss plaintiff's complaint, stating that it is entitled to judgment as a matter of law under the safe harbor provision of the EFTA because the ATM fee notice was in place on the ATM in question but was removed by some person other than defendant or its employees. In support of its motion, defendant has filed several affidavits and photographs.

Plaintiff failed to respond to defendant's motion to dismiss, and on December 13, 2012, the court entered an order for plaintiff to show cause why defendant's motion to dismiss should not be granted by the court [Doc. 14]. Plaintiff failed to respond to the court's order and pursuant to LR 7.2, his failure to respond will be deemed a waiver of any opposition to the relief sought.

Defendant has moved for dismissal of plaintiff's complaint pursuant to Rules 12(b)(6) and 56, Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in

3

the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

If, in a Rule 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Wysocki v. IBM*, 607 F.3d 1102, 1104 (6th Cir. 2010). Here, the defendant has submitted matters outside the pleadings in support of its motion. Consequently, the court will consider the defendant's arguments under Rule 56(c), which provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light

4

most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

The EFTA protects consumers utilizing electronic fund transfer systems by providing a "basis framework establishing the rights, liabilities, and responsibilities" of participants in those systems. *Bass v. Stolper, Loritzinsky, Brewster and Neider, S.C.,* 111 F.3d. 3122, 1328 (7th Cir. 1997). 15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to provide notice of the fact that a fee is being imposed and the amount of the fee. Section 1693b(d)(3)(B) requires that the notice "be posted in a prominent and conspicuous location or at the automated teller machine at which the electronic fund transfer is initiated by the consumer." The relevant implementing regulation, 12 C.F.R. § 205.16(c) states that the mandatory fee notice (1) be posed in a "prominent and conspicuous location" on or at the

5

ATM machine, and (2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. §§ 205.16(c)(1) and (2). Section 1693d(3)(C) states in relevant part:

> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless
>
> (i) The consumer receives such notice in accordance with subparagraph (B) . . . .

The EFTA imposes strict liability upon ATM operators which fail to comply with its disclosure requirements. *See* 15 U.S.C. §1693m. The EFTA also contains a safe harbor provision:

> (d) <u>Exception for damages notices.</u> If the notice required to be posted pursuant to section 904(d)(3)(B)(i) [15 U.S.C. § 1693b)(d)(3)(B)(i)] by an automated teller machine operator has been posed by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with section 904(d)(3)(B)(i) [15 U.S.C. § 1693b)(d)(3)(B)(i)] .

15 U.S.C. § 1693h(d). To come within the safe harbor, defendant must show that the required fee notice was posted on its ATM and that some third party, other than the bank or its employees, removed the notice. *Drager v. Bridgeview Bank,* 2012 U.S. Dist. LEXIS 132584, *12 (N.D.Ill. Sept. 17, 2012). Defendant's affidavits and photographs establish the elements of the safe harbor defense under § 1693h(d). The affidavits show that on October 1, 2012, defendant conducted an inspection of its ATMs. Present during this inspection were Kelly Basham, Vice President and Information Technologies Officer, Terry

6

Nicodemus, a network engineer, and Michael Pool, an employee of the company that sold and installed the ATM at issue.

During this inspection, Poole saw ATM notices fixed in a prominent and conspicuous location on all five of defendant's ATMs, including the ATM located at 306 West Main Street, McMinnville, Tennessee. Kelly Basham also testified that she observed the ATM notices fixed in prominent and conspicuous locations on all five of defendant's ATMs on October 1, 2012, including the one on the 306 West Main Street ATM. The affidavits and photographs establish that the day before plaintiff alleges he conducted the ATM transaction giving rise to his complaint, the ATM at 306 West Main Street, McMinnville, had the ATM notice affixed conspicuously and prominently to its front panel.

The affidavits further establish that on October 12, 2012, defendant was notified that the fee notice on the ATM at 306 West Main Street, McMinnville, Tennessee, was missing. The only two employees of defendant authorized to alter or remove such fees notices are Chief Operating Officer Wayne Martin and Chief Compliance Officer Sherry Clendenon. Neither Martin nor Clendenon altered or removed the fee notice on the ATM. The affidavits further establish that on October 12, 2012, Martin obtained a new fee notice from Clendenon, and installed it on the ATM at 306 West Main Street. Plaintiff has not offered any rebuttal evidence. The court finds that defendant's affidavits and photographs establish the elements of the safe harbor defense under § 1693h(d). The required notice was properly posted on the ATM mere hours before plaintiff alleges he completed the transaction giving rise to his complaint. Moreover, plaintiff has failed to

7

Case 3:12-cv-00527-TWP-HBG   Document 15   Filed 04/18/13   Page 7 of 8   PageID #: 73

provide any evidence that defendant or one of its employees removed the notice. Therefore, it is undisputed that the notice was removed, damaged, or altered by someone other than defendant's employees. Because plaintiff has failed to produce any probative evidence to support his claims, the court finds that defendant is entitled to judgment as a matter of law on all of plaintiff's claims.

## IV.  Conclusion

Defendant's motion to dismiss [Doc. 6] is **GRANTED**, and this action is hereby **DISMISSED in its entirety.**

**ENTER:**

      s/ Thomas W. Phillips      
United States District Judge